1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MATTHEW ROBERT MILLER,       )   NO. SACV 06-00574 VBF (SS)
                                  )
12                 Petitioner,    )   **ORDER ADOPTING FINDINGS,**
                                  )
13          v.                    )   **CONCLUSIONS, AND RECOMMENDATIONS OF**
                                  )
14   BRENDA CASH, Acting Warden,  )   **UNITED STATES MAGISTRATE JUDGE**
                                  )
15                 Respondent.    )
     ─────────────────────────────)

16

17

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition,

19   all the records and files herein, the Report and Recommendation of the

20   United States Magistrate Judge, and Petitioner's untimely Objections.[1]

21   After having made a de novo determination of the portions of the Report

22   and Recommendation to which Objections were directed, the Court concurs

23   with and adopts the findings and conclusions of the Magistrate Judge.

24   However, the Court addresses Petitioner's Objections below.

25

26   ────────────────────

27        [1] Petitioner's Objections were initially due on November 1, 2010.
     The Magistrate Judge granted both of Petitioner's requests for extension
28   of time and extended the deadline to file Objections until November 15,
     2010.  Petitioner's counsel did not file Objections until November 17,
     2010.

In his Objections to the Report, Petitioner asserts for the first time that he is entitled to statutory tolling because his 360 day delay in filing his only state habeas petition was justified by his counsel "perform[ing] substantial investigation." (Declaration of Counsel at 2, ¶ 10).[2]  Specifically, Petitioner's counsel states that he "had [his] investigator contact all witnesses who were identified in the police reports and [he] visited the crime scene personally." (Id.).  These vague assertions fail to justify a 360 day delay in filing Petitioner's state habeas petition.

"A petitioner does not meet his or her burden simply by alleging in general terms [that the delay was justified], or by producing a declaration from present or former counsel to that general effect." In re Robbins, 18 Cal. 4th 770, 787, 77 Cal. Rptr. 2d 153 (1998).  Rather, a petitioner "must allege, with specificity, facts showing [justification for the delay]--and he or she bears the burden of establishing, through those specific allegations[,] . . . absence of substantial delay." Id.

---

[2]  On July 30, 2010, the Magistrate Judge specifically directed Petitioner to file a response stating "any reason that he may be entitled to statutory or equitable tolling." (July 30, 2005 Order to Show Cause at 5).  Despite two extensions of time and the passage of several months, Petitioner never filed a response to the Magistrate Judge's Order to Show Cause.  Because Petitioner now raises factual allegations regarding his entitlement to statutory tolling for the first time in his Objections, the Court has discretion not to consider this new evidence. See, e.g., United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) ("[W]e conclude that a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").  Regardless, Petitioner's new factual allegations do not entitle him to statutory tolling, as explained below.

Here, counsel's declaration is insufficient to justify Petitioner's 360 day delay from the date his conviction became final.  As an initial matter, Petitioner's counsel fails to explain why it was necessary to "interview all witnesses identified in the police report" or to "visit the crime scene" given that Petitioner's only claim in his state habeas petition was that the trial court's admission of hearsay evidence violated his rights under Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). (See Lodgment 8, Petition for Writ of Habeas Corpus ("Lodgment 8") at 2).  Moreover, Petitioner fails to explain why he waited four years to investigate potential claims until his conviction became final and why that investigation took 360 additional days.  (See Declaration of Counsel at 1-3).

California law measures the length of delay in filing a habeas petition "from the time a petitioner becomes aware of the grounds on which he seeks relief" and "[t]hat time may be as early as the date of conviction." In re Clark, 5 Cal. 4th 750, 765 n.5, 21 Cal. Rptr. 2d 509 (1993).  Here, Petitioner was certainly aware of the grounds on which he sought relief since the date on which the Supreme Court issued its opinion in Crawford, March 8, 2004, if not before.  Because Petitioner was aware of the grounds for his petition over one year and five months before he filed his only state habeas petition on September 2, 2005, the Court concludes that Petitioner's delay was unreasonable.  See In re Clark, 5 Cal. 4th 750, 765 n.5, 21 Cal. Rptr. 2d 509 (1993) ("Although delayed presentation to enable the petitioner to file a habeas corpus petition with the opening brief on appeal has been permitted, a petition should be filed as promptly as the circumstances allow, and the petitioner must point to particular circumstances sufficient to justify

3

1  substantial delay . . ." (internal quotation marks omitted, ellipses in

2  original)); id. at 782 ("Stankewitz refutes any suggestion that the

3  petitioner could delay filing the petition until the judgment was

4  affirmed.").    Accordingly, Petitioner's state habeas petition was

5  untimely and does not provide statutory tolling.

6

7       Petitioner also contends that he is entitled to equitable tolling

8  pursuant to Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008). (See

9  Objections at 4). In Harris, the Ninth Circuit held that a petitioner

10 was entitled to equitable tolling because he "relied in good faith on

11 then-binding circuit precedent in making his tactical decision to delay

12 filing a federal habeas petition." Harris, 515 F.3d at 1055.

13 Specifically, the petitioner in Harris waited over fifteen months to

14 file his federal habeas petition because he was pursuing collateral

15 relief in the state courts. See id. at 1053. Pursuant to then-binding

16 circuit precedent, a state habeas petition provided statutory tolling

17 even if the petition was untimely under state law. See id. However,

18 in Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669

19 (2005), the Supreme Court rejected the Ninth Circuit's rule and held

20 that a state habeas petition does not provide statutory tolling if it

21 is untimely under state law. See Pace, 544 U.S. at 417. In Harris, the

22 petitioner's state habeas petitions were untimely under state law and

23 therefore did not provide statutory tolling pursuant to Pace. See

24 Harris, 515 F.3d at 1053.    The Ninth Circuit reasoned that the

25 petitioner was entitled to equitable tolling because his federal habeas

26 petition "became time-barred the moment that Pace was decided." Id. at

27 1056.

28

Here, Petitioner contends that he is entitled to equitable tolling because he "relied on what he reasonably believed to be the state of the law in this District and Circuit when he decided to exhaust his new issues in state court prior to filing his federal petition." (Objections at 14). Specifically, Petitioner asserts that he "reasonably relied on the state of the law when he filed his last state habeas petition for the proposition that even if it was denied on timeliness grounds, it was 'properly filed.'" (Id. at 11). However, Petitioner's equitable tolling argument is foreclosed by the recent Ninth Circuit opinion in Lakey v. Hickman, __F.3d __, 2011 WL 13922 (9th Cir. Jan. 5, 2011). In Lakey, the Ninth Circuit held that a habeas petitioner who delayed filing his federal habeas petition because of reliance on the state of the law prior to Pace was only entitled to equitable tolling until April 27, 2005, the date the Supreme Court issued Pace. See Lakey, 2011 WL 13922, at *4 ("Once Pace was decided, [the petitioner] had notice that [our prior precedent] had been overruled and that [statutory] tolling would be unavailable if his state petition was denied as untimely."). The Ninth Circuit also pointed out that "Pace explicitly advised state prisoners, such as [the petitioner], to file a protective federal petition to avoid a possible timeliness bar." Id.; see also Pace, 544 U.S. at 416 ("A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). As Pace was issued on April 27, 2005, months before Petitioner filed his September 2, 2005 state habeas petition, Petitioner's counsel knew or should have known that the law had changed

1   and that he could not rely on the pre-<u>Pace</u> state of the law.

2   Accordingly, Petitioner is not entitled to equitable tolling.

3

4       Even assuming that Petitioner was entitled to equitable tolling up

5   to the date that the Supreme Court issued <u>Pace</u> on April 27, 2005,

6   Petitioner did not file the instant Petition until June 23, 2006, 422

7   days later.   Thus, the Petition would still be untimely.   The Ninth

8   Circuit has recognized "the harshness" of the rule in <u>Pace</u>, but

9   Petitioner could have avoided "this predicament" by filing a protective

10  petition in federal court instead of waiting for the outcome of his

11  state habeas petition.   <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 & n.20 (9th

12  Cir. 2005) (discussing <u>Pace</u>).

13

14      **IT IS ORDERED** that the Petition is denied and Judgment shall be

15  entered dismissing this action with prejudice.

16

17      **IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and

18  the Judgment herein on counsel for Petitioner and counsel for

19  Respondent.

20

21      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

22

23  DATED: February 6, 2011

24                                   *Valerie Baker Fairbank*
                                     _____
25                                   VALERIE BAKER FAIRBANK
                                     UNITED STATES DISTRICT JUDGE

26

27

28